**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00048-KDB-DSC-14**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ROGELIO VIDAL SANTILLAN**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Rogelio Vidal Santillan's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and appointment of counsel. (Doc. No. 427). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In 2019, Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine, methamphetamines, and marijuana. (Doc. No. 205). He was sentenced to 101 months imprisonment plus five years of supervised release. (Doc. No. 358).

Defendant is a 55-year-old male serving his prison sentence at FDC Honolulu in Hawaii. His current projected release date is December 25, 2025. Defendant bases his current motion on the notion that as a deportable alien he does not receive benefits from programming and other incentives available to other inmates that are U.S. citizens such as good time credits, residential drug abuse program, halfway house placement and home confinement. (Doc. No. 427). With the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F. 3d 271 (4th Cir. 2020), there is now no applicable policy statement governing compassionate release motions filed by a defendant.

*Id*. at 284. As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *Id*. The Court finds that this generalized complaint applicable to presumably a great many inmates does not justify a reduction in sentence.

Furthermore, to the extent that Defendant wishes to raise a claim that his professed inability to take classes and continue his rehabilitation has resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree*, 205 F.3d at 730

---

[1] Defendant is confined at FTC Honolulu, which is located in the District of Hawaii.

(internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

**IT IS, THEREFORE ORDERED**, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 427), is **DENIED.**

**SO ORDERED.**

Signed: January 12, 2023

Kenneth D. Bell
United States District Judge