IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00048-KDB-DSC-14

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **ROGELIO VIDAL SANTILLAN** <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court upon remand from the United States Court of Appeals for the Fourth Circuit. (Doc. No. 437). Defendant appealed *pro se* from this Court's denial (Doc. No. 428) of his *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and appointment of counsel. (Doc. No. 427). The Court of Appeals issued its Judgment (Doc. No. 437) on May 17, 2023, and its Mandate (Doc. No. 440) on June 8, 2023.

Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

In 2019, Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine, methamphetamines, and marijuana. (Doc. No. 205). He was sentenced to 101 months imprisonment plus five years of supervised release. (Doc. No. 358).

Defendant is a 56-year-old male serving his prison sentence at FDC Honolulu in Hawaii. His current projected release date is December 25, 2025. Defendant bases his current motion on arguments about (1) health concerns related to his purported long-haul COVID symptoms and

other ailments[1]; (2) family circumstances; and (3) that as a deportable alien he does not receive benefits from programming and other incentives available to other inmates that are U.S. citizens such as good time credits, residential drug abuse program, halfway house placement and home confinement. (Doc. No. 427). With the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F. 3d 271 (4th Cir. 2020), there is now no applicable policy statement governing compassionate release motions filed by a defendant. *Id.* at 284. As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant may raise. *Id.*

1. **Long-haul COVID Symptoms and Other Ailments**

Defendant claims to suffer from long-haul COVID symptoms such as hearing and vision loss, daily fatigue and lethargy but fails to include any medical records to support such claims. He states that he continues his self-care for his diabetes, high cholesterol, hypertension, depression and post-surgery care for heart bypass surgery and the prescription medicines he takes for each ailment. (Doc. No. 427 at 1). According to Defendant's Presentence Report, the bypass surgery was performed in March of 2017. (Doc. No. 271, ¶ 54). Defendant fails to provide his BOP medical records to substantiate any medical claims, and the Court will not rely on self-claimed infirmities. Therefore, there is no evidence upon which the Court could find an extraordinary and compelling reason for a sentence reduction based upon medical conditions.

2. **Family Circumstances**

Defendant states that his minor son, adult daughter and his granddaughter suffer from epilepsy, and it is a burden on his wife to take care of them. Defendant does not submit any medical records

---

[1] Defendant includes in this portion of his motion descriptions of his incarceration following his COVID-19 infection, and characterizes them as violating the Eight Amendment's prohibition against cruel and unusual punishment.

to verify his statement, nor has he submitted any evidence regarding the severity of these individuals' condition, the amount of care required for them, nor established why his wife is unable to provide necessary care. According to Defendant's Presentence Report, Defendant's wife and son live in Hickory, NC, but there is no mention of his relatives having epilepsy as claimed. (Doc. No. 271, ¶ 53). Defendant's sentencing memorandum (Doc. No. 327) discusses Defendant's family and children at length but never suggests that any of his relatives suffer from epilepsy. In any event, Defendant's wife is not alone in Hickory as Defendant has two sisters (Ramona Santillan and Sanjuana Santillan) who also live in Hickory and could provide needed assistance to his wife regarding caregiving. *Id*. ¶ 51.

Even if released, Defendant would be unlikely to be able to provide care for his relatives. As he states in his motion, he is deemed "a deportable alien." And, as a special condition of supervised release the Court ordered that upon release he "be surrendered to a duly-authorized immigration official for deportation." (Doc. No. 358, at 3)

### 3. Lack of Benefits as a Deportable Alien

Defendant argues that as a deportable alien he does not receive benefits from programming and other incentives available to other inmates that are U.S. citizens such as good time credits, residential drug abuse program, halfway house placement and home confinement. At the time of sentencing the Court was aware of these restrictions although they were not argued to the Court by Defendant. This is a generalized complaint applicable to presumably a great many inmates and is not "extraordinary," nor is it a compelling reason for a reduction in sentence.

The Court finds that the asserted grounds, alone or in combination, do not constitute an extraordinary and compelling reason for compassionate release.

### 4. Section 3553(a) Factors

At Defendant's sentencing, the Court considered each of the Section 3553(a) factors and determined that Defendant's conduct warranted a custodial sentence. In determining whether a reduced sentence is appropriate, the Court must again undertake such an analysis to determine that Defendant's sentence is "sufficient, but not greater than necessary," to achieve the goals of sentencing. 18 U.S.C. § 3553(a). The Section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guidelines; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." Id.

Defendant is serving a federal prison sentence for conspiracy to distribute and to possess with intent to distribute methamphetamine, cocaine, and marijuana. (Doc. No. 358 at 1). It is a serious crime and involved between 5-15 kilograms of methamphetamine which is a dangerous and highly addictive drug. (Doc. No. 271, ¶ 23). Although Defendant received a below guideline sentence he has not served a sufficient amount of the sentence imposed for the seriousness of his offense and to avoid any unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Defendant's offense conduct included possession of a firearm for use during the offense. (Doc. No. 271, ¶¶ 17-18). Defendant's continued incarceration is necessary to protect the public from future crimes by Defendant. Defendant apparently has performed well while incarcerated but, on balance, the Section 3553(a) factors weigh against a sentence reduction is this case.

Lastly, to the extent that Defendant wishes to raise a claim that his professed inability to take classes and continue his rehabilitation has resulted in an independent violation of his Eighth

Amendment rights, he would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment violations, he should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[2]

Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree*, 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

**IT IS, THEREFORE ORDERED**, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1), (Doc. No. 427) is **DENIED**.

---

[2] Defendant is confined at FDC Honolulu, which is located in the District of Hawaii.

**SO ORDERED**.

Signed: June 13, 2023

*[signature]*

Kenneth D. Bell
United States District Judge