# UNITED STATES DISTRICT COURT
## for the

Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:18-cr-48-KDB-SCR-14 |
| | ) |
| Rogelio Vidal Santillan | ) USM No: 34475-058 |
| | ) |
| Date of Original Judgment: 08/01/2019 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.　☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated ___08/01/2019___ shall remain in effect.

**IT IS SO ORDERED**.

Signed: February 20, 2024

Kenneth D. Bell
United States District Judge

*Judge's signature*

Effective Date: _____　　　　　Kenneth D. Bell
*(if different from order date)*　　　　　　　*Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: <u>  Rogelio Vidal Santillan                    </u>
CASE NUMBER: <u>  5:18-cr-48-KDB-SCR-14               </u>
DISTRICT: <u>  Western District of North Carolina      </u>

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: <u>          </u>          Amended Total Offense Level: <u>          </u>
Criminal History Category: <u>          </u>             Criminal History Category: <u>          </u>
Previous Guideline Range: <u>        </u> to <u>      </u> months   Amended Guideline Range: <u>        </u> to <u>      </u> months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Under the amendment to U.S.S.G. §4C1.1 in Amendment 821, the Defendant does not qualify to receive a two-level reductio in his offense level as a zero-point offender because he does not satisfy §4C1.1(a)(7) because he possessed a firearm. (Doc. No. 271, ¶¶ 17-18), (Doc. No. 359 at 1). There is no need for appointment of counsel in this matter. Additionally, Amendment 782 became effective on November 1, 2014 and was considered in Defendant's sentencing on July 30, 2019, years after Amendment 782 went into effect.